UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x

GUOCHANG MA,

                Plaintiff,

    v.

DH NEWLAND CORP. and DUFAN LI,

                Defendants.

-----------------------------------------------------------------x

Case No: 1:19-cv-6348

**COMPLAINT**
**JURY TRIAL DEMANDED**

Plaintiff, GUOCHANG MA ("Plaintiff"), by and through his attorney, The Harrison Law Firm P.C., hereby brings this complaint against Defendants, DH NEWLAND CORP. and DUFAN LI (collectively, the "Defendants") and alleges as follows:

## INTRODUCTION

1.    Plaintiff is suing Defendants for violations of 26 U.S.C. § 7434 and the New York Labor Law, N.Y. Lab. Law § 1 et seq. (hereinafter the "NYLL").

2.    Defendants willfully filed fraudulent information returns with respect to payments purported to be made to Plaintiff in violation of 26 U.S.C. § 7434.

3.    Defendants failed to provide Plaintiff with a Time of Hire Notice detailing rates of pay and payday information as required by the NYLL.

4.    Plaintiff is entitled to recover from Defendants statutory damages, actual damages, attorneys' fees, court costs, and prejudgment and postjudgment interest.

## JURISDICTION

5.      This Court has original federal question jurisdiction over this controversy pursuant to 28 U.S.C. § 1331 because Plaintiff's cause of action arises under the laws of the United States, specifically 26 U.S.C. § 7434.

6.      This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367(a) because such state law claims are so related to Plaintiff's federal law claim that they form part of the same case or controversy.

7.      This Court has personal jurisdiction over all Defendants because all Defendants do business in New York County, New York, and maintain their principal place of business in New York County, New York.

**VENUE**

8.      Venue in the Southern District is proper pursuant to 28 U.S.C. § 1391(b)(1) because all Defendants are residents of New York and all Defendants reside in this district.

9.      Venue in the Southern District is also proper pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in this district.

**PARTIES**

10.     Plaintiff is a natural person who was employed by Defendants as a restaurant waiter from July 28, 2018 through October 14, 2018.

11.     DH NEWLAND CORP. is a domestic for-profit corporation organized under the laws of the State of New York with its principal place of business at 1268 Amsterdam Avenue, New York, New York 10027.

12.     DUFAN LI is a natural person whose principal place of business is at 1268 Amsterdam Avenue, New York, New York 10027.

**STATEMENT OF FACTS**

13.     Defendant DH NEWLAND CORP. owns and operates a restaurant located at 1268 Amsterdam Avenue, New York, New York 10027 (the "Restaurant").

14.     Defendant DH NEWLAND CORP. hired Plaintiff on July 28, 2018 to work as a waiter at the Restaurant.

15.     At all times during Plaintiff's employment at DH NEWLAND CORP., Defendant DUFAN LI exercised all decision-making authority with respect to Defendant DH NEWLAND CORP.'s human resources and payroll decisions, including the hiring and managing of employees, the management and issuing of employee payroll, and the filing of information returns with the Internal Revenue Service (the "IRS").

16.     At all times during Plaintiff's employment at DH NEWLAND CORP., Defendant DUFAN LI was one of the ten largest shareholders of Defendant DH NEWLAND CORP.

17.     At all times during Plaintiff's employment at DH NEWLAND CORP., Defendant DUFAN LI was Plaintiff's supervisor and manager.

18.     At all relevant times, Defendants knowingly, intentionally, and willfully failed to provide Plaintiff with a Time of Hire Notice in English and in Mandarin Chinese (Plaintiff's primary language) containing the following information: Plaintiff's regular hourly rate of pay; Plaintiff's overtime rate of pay; whether Plaintiff was paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including

tips, meals, or lodging allowances; the regular pay day designated by the employer; the employer's name and any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business and a mailing address if different; and the employer's telephone number.

19.     The Defendants also failed to obtain from Plaintiff a signed and dated written acknowledgement, in English and Mandarin Chinese, Plaintiff's primary language, affirming that Plaintiff accurately identified his primary language to Defendants and that the notice was in the language so identified.

20.     Plaintiff worked at the Restaurant from July 28, 2018 through October 14, 2018.

21.     During Plaintiff's employment, Defendant DH NEWLAND CORP. paid Plaintiff's wages by check.

22.     Plaintiff did not work for Defendant DH NEWLAND CORP. at any time after October 14, 2018.

23.     Defendants filed or caused to be filed with the IRS a Form W-2 for the tax year ending December 31, 2018 that overstated Plaintiff's wages, tips, and other compensation received from Defendant DH NEWLAND CORP.

24.     Defendants knew that the information contained in Plaintiff's 2018 W-2 was incorrect.

25.     Defendant DH NEWLAND CORP. employs workers who lack legal authorization to work in the United States.

26.     Defendants pay their unauthorized workers in cash to reduce their payroll tax liability as well as to avoid detection as an employer of unauthorized workers.

27.     To conceal their cash payments to unauthorized workers, Defendants falsely overreported the amount of Plaintiff's income.

28.     At all times, Defendants knew that the information returns that Defendants filed with the IRS were fraudulent, but Defendants filed these fraudulent returns despite this knowledge.

29.     As a result of Defendants' filing returns that falsely overstated Plaintiff's income, Defendants caused Plaintiff to suffer actual damages.

30.     As a result of Defendants' filing returns that falsely overstated Plaintiff's income, Plaintiff's tax burden increased.

31.     As a result of Defendants' filing returns that falsely overstated Plaintiff's income, Plaintiff incurred professional fees in an attempt to correct the informations that Defendants filed with the IRS.

### CAUSES OF ACTION

### Count 1. Fraudulent Filing of Information Returns

### (Plaintiff against All Defendants)

32.     Plaintiff re-alleges and incorporates by reference paragraphs 1 through 31 as though fully set forth herein.

33.     Defendants filed or caused to be filed information returns with respect to payments purported to be made to Plaintiff.

34.     The information returns that Defendants filed or caused to be filed were fraudulent in that they overstated the actual amount of wages, tips, and other compensation that Defendant DH NEWLAND CORP. paid to Plaintiff.

35.     Defendants knew that the information returns were fraudulent because the returns overreported the amount of wages, tips, and other compensation that Plaintiff actually received from Defendant DH NEWLAND CORP.

36.     Defendants' willfully filed or caused to be filed these fraudulent information returns because doing so allowed Defendants' employment of undocumented workers and non-payment of payroll taxes to such employees to go undetected.

37.     Defendants' actions caused Plaintiff actual damages, including increased tax burdens and professional fees.

38.     Plaintiff is entitled to actual damages, statutory damages, costs, reasonable attorneys' fees, and injunctive and declaratory relief.

**Count 2. New York Labor Law Time of Hire Wage Notice Requirement Violations**

**(Plaintiff against All Defendants)**

39.     Plaintiff re-alleges and incorporates by reference paragraphs 1 through 31 as though fully set forth herein.

40.     At all relevant times, Defendants were covered employers under the New York Labor Law.

41.     Defendants failed to supply Plaintiff with notice as required by New York Labor Law § 195, in English or in the language identified by Plaintiff as Plaintiff's primary language,

containing Plaintiff's rate or rates of pay and the basis thereof; whether paid by the hour, shift, day, week, salary, piece, commission, or other; hourly rate or rates of pay and overtime rate or rates of pay if applicable; the regular pay day designated by the employer in accordance with N.Y. Lab. Law § 191; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer.

42.     The foregoing conduct of Defendants constitutes willful violations of the NYLL and/or its regulations.

43.     Due to Defendants' violations of the NYLL, Plaintiff is entitled to actual damages, statutory damages, costs, reasonable attorneys' fees, and injunctive and declaratory relief.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully requests that this Court enter a judgment against Defendants providing the following relief:

A.     Enjoin Defendants and their officers, agents, successors, employees, representatives, and any and all persons acting in concert with them as provided by law from filing fraudulent information returns with respect to payments purported to be made to Plaintiff.

B.     Require Defendants to create and file corrected information returns reflecting the actual amount of wages, tips, and other compensation that Defendants paid to Plaintiff in 2018 and 2019.

C.      Determine the damages sustained by Plaintiff as a result of Defendants' violations of 26 U.S.C. § 7434 and award those damages against Defendants and in favor of Plaintiff;

D.      Award Plaintiff statutory damages for Defendants' violations 26 U.S.C. § 7434;

E.      Award Plaintiff statutory damages for Defendants' violations of the NYLL's notice requirements;

F.      Award Plaintiff such pre-judgment and post-judgment interest as may be allowed by law.

G.      Award Plaintiff his reasonable attorneys' fees and costs and disbursements, including, but not limited to, any accountants' or experts' fees;

H.      Grant Plaintiff such other and further relief that the Court deems just and proper.

## JURY DEMAND

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury on all questions of fact raised by the Complaint.

Dated: Flushing, New York

July 9, 2019


Respectfully submitted,

By: *Baya W. Harrison*
Baya W. Harrison, Esq.
New York Bar: 5678610
The Harrison Law Firm P.C.
38-08 Union Street, Suite 11A, Flushing, NY 11354
Tel: (866) 943-2692
Fax: (866) 943-2692
Email: bwh@heboya.com

Attorney for Plaintiff